**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-41152

ELROY CHESTER,

Petitioner - Appellee,

VERSUS

JANIE COCKRELL, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas, Texarkana Division

(5:00-CV-152)

February 26, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

The State of Texas appeals the district court's grant of

habeas corpus relief to Elroy Chester, who is currently on death

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

row for the murder of Willie Ryman III. Chester pleaded guilty to capital murder and was sentenced to death by a Texas jury. The district court based its grant of habeas relief on the Supreme Court's recent decision in *Atkins v. Virginia*, 122 S.Ct 2242, 2252 (2002), where the Court held unconstitutional the execution of mentally retarded individuals. Chester raised two additional claims for habeas relief at the district court level.[1] Because the district court granted habeas relief based on *Atkins*, it did not address the merits of these claims.

Both parties conclude that this case is controlled by our recent decision in *Bell v. Cockrell*, 310 F.3d 330 (5th Cir. 2002). We agree. Although *Atkins* was decided after Chester's judgment became final, we held in *Bell* that the *Atkins* decision is an exception to the *Teague v. Lane* non-retroactivity rule, and thus applies retroactively to collateral attacks, including habeas relief. *Id.* at 332. In *Bell*, we further held that in state capital cases where *Atkins* is applicable, the state court must reaffirm or reimpose capital punishment prior to the defendant seeking federal habeas relief. *Bell,* 310 F.3d at 332. The basis

---

[1] The other claims were: (1) he was denied due process and equal protection in violation of the Fourteenth Amendment because the prosecution argued that Chester's alleged mental retardation could mitigate against life imprisonment and (2) he received ineffective assistance from appellate counsel because counsel failed to raise the previous claim.

for this holding is that the *Atkins* Court left it to the states to define who is mentally retarded and to initially enforce this constitutional restriction. *Atkins*, 122 S.Ct. at 2250. Although Chester had previously raised his Eighth Amendment claim and introduced evidence of mental retardation during sentencing, the Texas courts never determined whether Chester was mentally retarded and thus unable to be executed. Therefore, unless the state court reaffirms its decision to impose capital punishment after deciding the defendant's *Atkins* claim, the federal courts will not consider habeas relief. Consequently, we VACATE the decision of the district court granting habeas relief.

The State also requests that we instruct the district court to dismiss the entire habeas petition without prejudice because the state court has not yet decided Chester's *Atkins* claim. A defendant must exhaust his state court remedies before filing for federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). In addition, a federal court may not consider a request for habeas relief from a state-court conviction if the habeas petition contains both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 514 (1982). Here, because the state court has not ruled on the *Atkins* claim, it is not yet exhausted. Therefore, Chester's habeas petition contains both exhausted and unexhausted claims. Thus, the district court may not consider Chester's request for habeas

relief.

Although the State requests that Chester's habeas petition be dismissed without prejudice, dismissal could result in a statute of limitations bar for the defendant's remaining claims. However, the State has agreed to waive any available statute of limitations defense for the remaining claims as long as these claims are filed within the permissible time for seeking federal habeas relief on the *Atkins* claim.[2] *Brief of Respondent-Appellant*, at 27 n.12. This Court will hold the State to its promise. Therefore, Chester will not be barred from asserting these remaining claims because they may be re-filed if his *Atkins* claim is unsuccessful in state court. Consequently, we REMAND this case to the district court with instructions to dismiss the habeas petition without prejudice.

**GRANT OF HABEAS VACATED; REMANDED WITH INSTRUCTIONS**

---

[2] The statute of limitations for the *Atkins* claim is one-year from the date of the *Atkins* decision, which the Supreme Court decided on June 20, 2002. 28 U.S.C. § 2244(d)(1)(C). Of course, the limitation period will be interrupted during the pendency of the state court's review of the *Atkins* claim. Thus, the permissible time for filing the remaining claims will be extended past June 20, 2003 when Chester files his *Atkins* claim in state court.